# Lorenz Nolde et al., Plff. in Err., *v.* A. F. Madlem et al.

**No valid judgment, order or decree can be entered by a divided court.**

After a decree, sustaining exceptions to a master's report, by one of two judges composing a court, the other dissenting, has been reversed on appeal

at the costs of the appellee, the subsequent decree of the latter judge dismissing the exceptions and confirming the report at the costs of the appellee, the former judge dissenting, will not support a fi. fa. for the costs against the appellee.

(Decided ———— —, 1886.)

Error to the Common Pleas of Lancaster County to review a judgment refusing the plaintiffs a rule to show cause why the defendants' writ of fieri facias should not be set aside. Reversed.

This was a bill in equity filed June 2, 1880, by the plaintiffs in error, claiming to be trustees of the Seventh Day Baptists of Ephrata, against the defendants in error, who also claimed to be such trustees, praying for an injunction to restrain the defendants from interfering with the plaintiffs in their office as trustees.

The court below consisted of two judges, one of whom, PATTERSON, J., granted a preliminary injunction at chambers. The defendants filed an answer; the cause was referred to a master, and to his report, recommending the dismissal of the bill at the costs of the plaintiffs, exceptions were filed by the plaintiffs.

After argument before the court in banc, PATTERSON, J., filed an opinion sustaining the exceptions (LIVINGSTON, P. J., dissenting), and signed a final decree for a perpetual injunction in accordance with the prayer of the bill, and imposed the costs on the defendants. From this decree also, LIVINGSTON, P. J., dissented.

The defendants thereupon appealed, and the supreme court reversed the decree, at the costs of the plaintiffs, on the ground that, as the court was equally divided, no valid decree could be made. Madlem's Appeal, 103 Pa. 584.

Upon the return of the record to the court below, LIVINGSTON, P. J., (PATTERSON, J., dissenting), entered a decree confirming the master's report and dismissing the bill with costs. The defendants proceeded against the objection of the plaintiffs, to tax the costs of the suit from its beginning, and, after the plaintiffs'

exceptions to the taxation had been overruled, issued a fieri facias, again against the protest of the plaintiffs, for $568.40, costs as taxed, under which the sheriff levied on the property of the plaintiffs.

The plaintiffs then applied for a rule to show cause why the fieri facias should not be set aside. The court was again divided and the rule fell. "Rule not granted."

Thereupon the plaintiffs took this writ, and assigned as error the refusal of the court to set aside the fieri facias.

*William R. Wilson, S. H. Reynolds,* and *D. McMullen,* for plaintiffs in error.—A writ of error is the remedy here. Harger v. Washington County, 12 Pa. 251; Barnet v. Ihrie, 1 Rawle, 53.

Execution presupposes a valid judgment. There was no valid judgment here. Madlem's Appeal, 103 Pa. 584.

*H. N. North, E. K. Martin,* and *T. B. Holohan,* for defendants in error.—This execution is for the costs directed by this court in Madlem's Appeal, 103 Pa. 584, and by decree of LIVINGSTON, P. J., subsequently entered, to be paid by the plaintiff.

The costs were regularly and legally taxed, and exceptions to the taxation were overruled without dissent from either of the judges.

The master's report was in the nature of a special verdict, and after the decisions of Madlem's Appeal there was nothing for the court below to do but to confirm it. Clark's Appeal, 62 Pa. 447.

A decree in accordance with it was therefore a matter of course. Such was the decree of LIVINGSTON, P. J., entered after the decision of Madlem's Appeal, and the dissent of PATTERSON, J., was ineffectual. Cahill v. Benn, 6 Binn. 99.

The decree was final, and good ground for the execution.

PER CURIAM:
Judgment of execution reversed, and fi. fa. set aside.